2 W     43
25 SC ² 43

# Overseers of Tioga *against* Overseers of Lawrence.

The render of service, in pursuance of a contract of hiring, gives a legal settlement to the person hired, so as to charge the township where the parties reside with his maintenance, when he becomes chargeable : and to constitute such a contract, any declarations, or acts of the parties, which evince their assent to an agreement expressed at the time, is sufficient; a precise and formal stipulation being unnecessary.

An informality in the proceedings of justices to remove a pauper, cannot be taken advantage of, after an appeal to the quarter sessions, and decision there on the merits.

CERTIORARI to the quarter sessions of *Tioga* county.

Manasseh Cady, from an injury which he received in the township of Lawrence, was unable to maintain himself, and was supported by the overseers of the poor of that township for a certain time, and until he might be removed; when they applied to two justices of Elkland township, Tioga county, for an order of removal to Tioga township, where it was·alleged he had a legal settlement, and for an adjust-ment of the claim of Lawrence township for maintaining the pauper while he was unfit to be removed. The justices decided that the legal place of settlement of the pauper was in Tioga township, and granted an order of removal adjudged that there was due to Law- . rence township the sum of 177 dollars 12½ cents, for maintaining him. But one of the justices signed this adjudication. The over-seers of Tioga township appealed to the quarter sessions.

The evidence given on the trial was, in substance, that Manasseh Cady, the pauper, came to live with Ambrose Millard, Esq. in Tioga township when he was about nine years of age ; after he had re-sided there about four years, Mr Millard told him, that if he would continue to live with him until he was twenty-one years of age, he would give him an additional suit of clothes and a yoke of oxen ; Cady seemed to take little notice of the offer at the time, but did continue to reside there until he was twenty years of age. It was also proved that when Cady was about fourteen years of age he spoke of choosing a guardian: that at that time Millard, his master, was heard to say, that some one was trying to prevail on Cady to leave him, but that he had been making him some offers, and he believed he had quieted his feelings in that respect.

The proceedings were confirmed by the court of quarter sessions.

The errors assigned in this court were, that the adjudication by the justices of the settlement, and the amount to be paid by Tioga township, was signed but by one justice ; and that the evidence given to the court did not establish a settlement of the pauper in Tioga township.

[Overseers of Tioga v. Overseers of Lawrence.]

. *Parsons* and *Williston,* pro querente.
*Greenough,* contra.

The opinion of the Court was delivered by

GIBSON, C. J.—A settlement is gained by service, but in pursuance of a contract of hiring, which is binding on both parties. To constitute such a contract, any declarations or acts of the parties which evince their assent to an agreement expressed at the time, is sufficient; a precise and formal stipulation being unnecessary. The case of Handley and Berwick St Johns, is full to the purpose, and not so strong to prove a hiring as the present. There, the keeper of a lodge having discharged a servant, asked the pauper if he liked the life of a keeper; and, being answered in the affirmative, said : "then go into Ned Hill's place, and you shall not want encouragement." The pauper did so; and having continued three years in service, received wages for that time. On this state of the conversation and subsequent acts of the parties, it was determined by lord Mansfield and the whole court, that there was a clear hiring. 3 *Burn's Justice* 344. What, then, is the case at bar? The master testified that he told the pauper, then a boy of fourteen years, that if he would continue to live with him till he came of age, he would give him an additional suit of clothes and a yoke of oxen; that the pauper seemed to take little notice of the offer, and that he himself considered it a gratuity; but that the pauper continued to reside with him till he was twenty years of age. The pauper himself testified to the offer and the residence, but without explicitly stating whether the latter was in pursuance of the former, though he proved that he had been talking of choosing a guardian; but another witness proved the master had told him about the same time, "that he thought some one was trying to prevail on the boy to leave him, but that he had been making him some offers, and he believed he had quieted his feelings in that respect." After this, can it be thought that either the promise or the service was gratuitous? Had the whole service been performed, the promise could undoubtedly have been enforced; and as there was an actual service under it for more than a year, the pauper was legally settled in Tioga. As to the formal objections to the proceedings of the justices, it is sufficient to say, that those proceedings were superseded by the determination of the merits on the appeal to the sessions.

Judgment and proceedings affirmed.