## Butler County, Appellant, *v.* Department of Public Charities of Allegheny City.

*Poor laws—Costs of lunacy proceedings—Jurisdiction, C. P.*

The court of common pleas has no jurisdiction to make an order certifying the place of legal residence of a pauper lunatic, although the proceedings by which the pauper was declared a lunatic and committed to an asylum were in that court.

Argued Oct. 18, 1893. Appeal, No. 215, Oct. T., 1893, by plaintiff, from order of C. P. Butler Co., March T., 1889, No. 7, discharging rule to certify legal residence of Nathaniel Sefton, a pauper lunatic. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule to certify legal residence of pauper lunatic.

From the record it appeared that by proceedings instituted in the common pleas of Butler county Nathaniel Sefton was declared a lunatic, without property. The commission in lunacy further found that the last place of legal residence of the lunatic was in the city of Allegheny. The court made an order committing Sefton to the insane asylum at Warren, Pennsylvania. A petition was subsequently presented in the form of a motion on behalf of Butler county for a rule on the department of public charities of Allegheny city to show cause why the city of Allegheny should not be certified as the place of residence of said Sefton.

The court sustained a motion to strike off the rule in the following opinion by HAZEN, P. J.:

" This case was upon the last regular argument list and was argued at length by counsel on both sides; and, upon consideration, we are persuaded that this motion must be sustained and granted, and rule discharged, for the reason that the court of quarter sessions is given control over the settlement of paupers and not the court of common pleas. No authority has been cited in support of this rule, and we know of none in point.

" And now, September 26, 1892, upon due consideration, motion sustained and rule discharged at the cost of petitioner."

On reargument, the court filed the following opinion, by HAZEN, P. J.:

" After careful perusal of this record and upon consideration of the question involved, we are persuaded that this motion must be sustained and granted, and that this court is without jurisdiction in the premises. We cannot read into the case what the legislature omitted, in order to give this court jurisdiction. Had the proceedings been commenced in the quarter sessions, doubtless there would have been no trouble, but such was not the case. There is not even a suggestion to have the proceedings certified to that court. Therefore the adherence to the opinion and order made in this case under date of September 26, 1892."

*Error assigned* was discharge of rule.

*J. M. Galbreath,* for appellant, cited: Brickway's Case, 80 Pa. 69; act of April 20, 1869, P. L. 78.

*H. H. Goucher,* for appellee, not heard, cited: Acts of April 20, 1869, P. L. 78; April 22, 1863, P. L. 539; June 16, 1836, P. L. 787; Harmony v. Forest Co., 91 Pa. 404; Danville etc. Poor District v. Montour, 75 Pa. 37; Overseers v. County, 3 Penny. 259; act of March 21, 1806, § 13, 4 Sm. L. 332; 1 Brightly's T. & H. Pr. § 427.

PER CURIAM, October 30, 1893 :

The decree in this case is affirmed on the opinion of the learned court below.