## Commonwealth v. W. H. Darr.   Appeal of Overseers of the Poor of Union Township.

*Jurisdiction, C. P. and Q. S.—Insane poor.*

Proceedings under the Act of April 20, 1869, P. L. 78, can be instituted either in the common pleas or quarter sessions, and where a petition is filed in the common pleas that court may certify all proceedings to the quarter sessions.

The court of quarter sessions has adequate power under the act of 1869 to make a disposition of a case to secure the welfare of an insane pauper and to order the expense to be borne by those legally bound for his maintenance.

*Poor law—Appeals—Errors based on evidence.*

An appeal does not lie from the decree of the quarter sessions in proceedings under the act of 1869, and an appellate court cannot examine errors dependent upon the evidence.

*Order of removal—Void for want of notice.*

An order of removal of an alleged pauper family obtained without notice to the person affected is void, and the fact that the head of the family subsequently is declared to have been insane at the time does not avail to cure the want of notice.

Argued May 1, 1899.   Appeal, No. 106, April T., 1899, by overseers of the poor of Union township, from decree of Q. S. Jefferson Co., Feb. Sess., 1898, No. 45, dismissing exceptions to examiner's report and fixing the liability for the expenses of maintenance of insane pauper.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEAVER, J.

Exceptions to examiner's report in lunacy proceedings.   Before REED, P. J.

It appears from the record and evidence that a petition in lunacy was presented to the common pleas of Jefferson county on April 8, 1886, and that thereunder a decree was made directing respondent to be confined in the Hospital for the Insane, at Warren, Pennsylvania, and that the expense thereof and the costs of the commission be paid by the county of Jefferson, saving the rights of said county for remedy over against the district of the place of the last legal settlement of the respondent.   It also further appears that on March 30, 1886, the overseers of the

poor of Union township made an information before two justices of the peace of the borough of Brookville that Darr and his family had lately come to inhabit in their township, not having gained a legal settlement therein; that they were likely to become chargeable therein, and that the place of their last legal settlement was in the borough of Corsica. Thereupon the justices issued their order for the removal of said Darr and family from the district of Union to the district of Corsica. Prior to that date Darr had become insane and it was alleged that it was unsafe for him to be at large. On March 31, 1886, the overseers of Union removed Darr to the borough of Corsica and delivered him to the overseers of that district, with the order of removal, and the alleged pauper was then and there accepted by the overseers of the district of the said borough. On April 1, 1886, the overseers of Corcisa appeared before the two justices in Brookville and there appealed from the order of removal. No notice of such appeal was ever given to the overseers of Union township, neither was it ever filed or entered in the court of quarter sessions of the county. On April 8, proceedings were instituted as above, under which the said Darr was declared a lunatic and committed to the Hospital for the Insane at Warren. On November 30, 1896, the commissioners of Jefferson county presented their petition to the said court of common pleas, to the same term and number as the lunacy proceedings, setting forth that no poor district had been certified as the last place of legal settlement of the said Darr and that the said county had paid out for his maintenance $1,002.61; that said Darr's residence was either in Corsica borough or Union township, whereupon the court granted a rule to show cause returnable the second Monday of February, 1897. The rule was served upon and answered by the overseers of Union, who denied the liability of their district. On March 8, 1898, the examiner filed his report, finding that the poor district of Union township was liable for the support of the lunatic and on March 21, 1898, the attorney for Jefferson county moved the court to set aside proceedings from the common pleas to the quarter sessions, which motion was granted by the court and the proceedings certified as prayed for, and therefore all entries were made to docket No. 45, of February sessions, 1898.

Exceptions to the report of the examiner were dismissed by

the court below. Overseers of the poor of Union township appealed.

*Errors assigned* among others were (1) in its action under and in the following proceedings: motion in and order of common pleas thereon, and quarter sessions docket entries, and in entertaining and exercising jurisdiction in the case in pursuance thereof. (2) In entering the decree adjudging the poor district of Union township to be, and the same is hereby, certified as and for the last place of legal settlement of the said W. H. Darr, to the end that said poor district shall be chargeable with the expenses of his care and maintenance and removal to and from the State Hospital for the Insane at Warren. (3) In dismissing the twenty-third exception of the poor district of Union to the examiner's report, as follows: " The examiner erred in refusing defendant's fourth request and defendant excepts thereto, which request is: ' That the rule to show cause in this case should be discharged at the costs of the county of Jefferson.' " (4) In dismissing the twentieth exception of the poor district of Union to the examiner's report, which was in affirming the plaintiff's fifteenth request, which request and answer are as follows: " That therefore, the rule to show cause in this case should be made absolute, and Union township should be certified as the legal place of settlement of W. H. Darr. *Answer:* Affirmed." (5) In dismissing the fourteenth exception of the poor district of Union to the examiner's report, which exception is as follows: " The examiner erred in affirming plaintiff's sixth request, which request and answer are as follows: ' The said justices had no jurisdiction to issue the order of removal in question, and therefore the said order, even though unappealed from, is not conclusive upon the poor district of the borough of Corsica, or upon any one. *Answer:* Affirmed.' " (6) In dismissing the seventeenth exception of the poor district of Union to the examiner's report, which exception is as follows: " The examiner erred in affirming the plaintiff's eleventh request, which request and answer are as follows: ' The aforesaid order of removal being absolutely void for want of jurisdiction in the justices to issue the same, the place of legal settlement of W. H. Darr remains to-day just as if an order had never been issued, and the county of Jefferson has

the right in this proceeding to establish the fact by evidence, if it can do so, that said Darr's last place of legal settlement is in the township of Union. *Answer:* Affirmed.' " (7) In dismissing the twenty-second exception of the poor district of Union to the examiner's report, which said exception is as follows : " The examiner erred in refusing defendant's third request, which request and answer are as follows : ' That the order of removal from Union township, dated March 30, 1886, to the borough of Corsica, from which the appeal was taken by the poor district of Corsica, but which appeal was not entered in the court of quarter sessions of Jefferson county, nor notice of entrance to the overseers of the poor of Union poor district, is conclusive evidence in favor of Union poor district, as against Corsica borough. That at the time W. H. Darr was committed to the Warren hospital he had not lost his settlement in Corsica poor district, nor acquired a settlement in Union poor district, and for the purpose of this case Union poor district is not the place of legal settlement of W. H. Darr. *Answer:* This point is refused.' " (8–10) Relating to the examiner's findings of fact relative to the settlement of the alleged pauper.

*G. A. Jenks*, with him *Charles Corbet*, for appellant.—Beyond all question the courts of quarter sessions have no such general authority as will warrant them in any and every case calling before them, on a rule to show cause, the overseers of a poor district, and certifying the place of settlement of a pauper, but are confined to hearing and deciding such cases, when, after proper preliminary proceedings and through the regular channel and methods, they are brought before them on an appeal from an order of removal. .

A court of common pleas has no jurisdiction to certify the legal residence of a pauper lunatic committed under the act of 1869 : Butler County v. Public Charities, 158 Pa. 149.

If Jefferson county seeks a collection of the money it expended for maintenance, it, of necessity, will have to go into the court of common pleas : Lower Augusta Township v. Northumberland Co., 37 Pa. 143 ; Danville and Mahoning Poor District v. Montour Co., 75 Pa. 35. That court is in no way shorn of any of its powers to hear and determine every fact in a cause of which it has jurisdiction, necessary or essential for the decision

of such cause, including the right to ascertain whether or not the district that shall be made defendant, is liable for the money expended by reason of its being the place of last legal settlement of Darr: Overseers of Harmony v. County of Forest, 91 Pa. 404.

At the time the complaint was made and acted on by the two justices, and before that time, Darr was totally insane and deranged, and unsafe to be at large.    There is no provision whereby a committee ad litem could have been appointed, and in Darr's mental condition notice to him of the proceedings would have been a mere empty form: Gilpin v. Parks, 118 Pa. 84.

At the time of the transaction the overseers of Corsica district were not entitled to any precedent notice of the complaint made to the justices, or of the proceedings before them.    The first notice to which they were entitled was when the overseers of Union delivered the poor person to them with the order of removal or a copy of it.    This was the summons intended to bring them into court, and it was their duty to make defense, if any they had. The overseers of Corsica accepted both the order of removal and W. H. Darr.    They took him the very next morning to Brookville and had him confined in the county jail.    They procured his commitment to the asylum.    They appealed before the justices, but never filed or gave any notice of the appeal.    They accepted both the pauper and the order of removal, have never raised an objection to the proceeding, and have never been heard to complain, or to deny that Corsica was the place of last legal settlement of W. H. Darr.

So far as they are concerned they had their day in court, in regular and legal form, and is there any reason why the order of removal should not be conclusive upon them?    They received and disposed of the pauper and are estopped from denying their liability, and indeed have never done so that any one is aware of.

We respectfully submit that the facts in this case distinguish it from the case of Gilpin v. Parks, 118 Pa. 84, and that the order of removal in this case falls under the general rule and principle, that an order of removal unappealed from is conclusive as to the settlement of the pauper removed, and of the pertinent and material facts therein recited: Bradford v. Keating, 27 Pa. 275; Westmoreland v. Conemaugh, 34 Pa. 231;

Sugarloaf v. Schuylkill, 44 Pa. 481; Schuylkill v. Montour, 44 Pa. 484; Sugar Creek v. Washington, 62 Pa. 479; Blair v. Clarion, 91 Pa. 431.

In cases of emergency relief must of course precede the order of maintenance, and the township would be liable without an order of maintenance: Roxboro v. Bunn, 12 S. & R. 292; Milton v. Williamsport, 9 Pa. 46; Overseers v. McCoy, 2 P. & W. 432; Directors of House of Employment v. Murry, 32 Pa. 178; Directors of the Poor v. Worthington, 38 Pa. 160.

An order of removal made without notice and unappealed from, is conclusive of the duty enjoined in it, and decides where the pauper's legal settlement is: Bradford v. Keating, 27 Pa. 275.

*G. W. Means*, of *Means & Clark*, with him *John M. White*, for appellee.—We respectfully submit that no appeal is given in this case, and consequently the appellate court can have before it only the record proper, not the evidence: Brickway's Case, 80 Pa. 65; Spring Twp. v. Walker Twp. Overseers, 1 Pa. Superior Ct. 383.

We find ample authority for the court to grant the rule to show cause in this case, but we find no provision for any appeal or writ of error; hence, we conclude that your honorable court may examine and consider only that assignment of error touching the record, and not those relating to points of law and evidence.

The appellant at the opening of his argument states that the court of quarter sessions lacked jurisdiction, yet later, he cites the case of Butler County v. Public Charities, 158 Pa. 149, to show that the court of common pleas has no jurisdiction to certify the legal residence of a pauper lunatic. If appellant is right, neither court has jurisdiction, and the county of Jefferson is without remedy.

Inadvertently and by mistake this petition was presented to the court of common pleas. The liability to make such a mistake, if mistake it was, becomes apparent when we consider that the personnel of the quarter sessions and common pleas was exactly the same, having the same judge, same clerk, the two courts sitting at the same time and place. On that day, November 30, 1896, the court granted the rule to show cause, and later, on April 19, 1897, appointed W. N. Conrad, Esq., as examiner "to

take the testimony in this case and report the facts, law and form of decree."

From that time forward the proceeding was treated as if it were in the court of quarter sessions. During the hearings before the examiner no one raised any objection or called attention to the fact that we were not in the quarter sessions.

In order to free the proceedings from complications it was thought best to amend by certifying the record and proceedings on the rule to show cause from the court of common pleas into the court of quarter sessions.

The findings of fact by the court of quarter sessions in pauper cases are, on appeal, presumed to be correct, provided they are warranted by evidence: Overseers v. Overseers, 4 Pa. Superior Ct. 573; Overseers v. Overseers, 4 Pa. Superior Ct. 570; Poor District of Edenburg v. Poor District of Strattanville, 5 Pa. Superior Ct. 516; Christy's Lunacy, 2 Pa. Superior Ct. 259; Spring Twp. v. Walker Twp. Overseers, 1 Pa. Superior Ct. 383.

But appellant contends that the so-called order of removal, being unappealed from, conclusively fixed Corsica borough as the last place of legal settlement, and precluded any inquiry into the actual fact of such settlement. To this we reply that the order of removal was not merely voidable, but was absolutely void; it is, therefore, not conclusive upon anybody or on any poor district: Pantall v. Dickey, 123 Pa. 431; Gilpin Twp. v. Parks Twp., 118 Pa. 84.

A void order of removal is no order at all. It is a mere nullity from the beginning to the end. It concludes no one, and under the circumstances of this case, we had a right to show that it was void, and follow it with the proof that Darr's legal settlement was in the township of Union.

That we may assail the validity of the order of removal by raising the question of jurisdiction at any time is supported by the following decisions: Pantall v. Dickey, 123 Pa. 431; McKinney v. Brown, 130 Pa. 365; Smith v. Wildman, 178 Pa. 245; McKee v. McKee, 14 Pa. 231; Torrance v. Torrance, 53 Pa. 505.

OPINION BY BEAVER, J., July 28, 1899:

William H. Darr and his family, consisting of wife and several children, resided upon a tract of land purchased by him in Union

township, Jefferson county.   On the 30th of March, 1886, the overseers of the poor of Union township made complaint to two justices of the peace of the county, alleging " that the said William H. Darr and his family are likely to become chargeable to the said district of Union township in the county aforesaid." On the same day an order of removal was made, directing the said overseers of the poor to remove the said Darr and his family from the said district of Union township to the district of Corsica borough.   Darr alone was removed and delivered to the overseers of Corsica borough.   No notice was given of these proceedings either to Darr or to any member of his family.   On the day following his delivery to the overseers of Corsica borough, an application was made to the court of common pleas of Jefferson county, upon the petition of John McCauley, his father-in-law, setting forth that Darr was insane and that his welfare required restraint.   A commission was appointed April 8, 1886, under the provisions of the 6th section of the Act of April 20, 1869, P. L. 78, to inquire as to the alleged insanity of the said Darr.   Upon the report of that commission, he was ordered, by a decree of the president judge of the court of common pleas, to be confined in the hospital for the insane at Warren.   His settlement was not certified in that decree nor was any rule issued by the court at the time to determine his settlement.   Subsequently, on November 30, 1896, the commissioners of Jefferson county presented their petition in the court of common pleas, asking for a rule upon the overseers of the poor of the poor district of Union township to show cause why said district should not be certified as the last place of legal settlement of said Darr.   The rule was granted, answered by the overseers and an examiner appointed to take testimony. The report of the examiner was made to the court of quarter sessions of Jefferson county.   After the report of the examiner and before the final decree of the court below, a motion was made on behalf of the commissioners of the county " to certify from the court of common pleas into the court of quarter sessions the said rule to show cause and all proceedings had thereon, for the reason that said rule was issued out of the court of common pleas inadvertently and by mistake and that it should have issued out of the court of quarter sessions."   This motion was allowed and the proceedings certified as prayed for.   No

exception was taken to this decree of the court and the final decree, making absolute the rule to show cause why Union township should not be decreed the place of settlement of said Darr was made in the court of quarter sessions.

The decree of the court certifying the proceedings from the court of common pleas to the quarter sessions is assigned for error but, as no exception was taken thereto at the time, the assignment need not be considered; but, under the authority of Brickway's Case, 80 Pa. 65, the court had undoubted authority to make such a decree. The facts in this case were almost identical with those of the case under consideration, the Supreme Court in a per curiam opinion saying: "Under the law the proceeding could be in any court and, therefore, either in the common pleas or quarter sessions. The petition of the 'respectable person' provided for in the 6th section was directed to the common pleas but the commission appointed under it, composed of a lawyer, a physician and another, directed their report to the court of quarter sessions and thenceforth the case proceeded therein, terminating in a commitment to the Western Pennsylvania hospital and finally in a rule on the overseers of Buffalo township, Butler county, to show cause why the quarter sessions should not certify that township as the place of legal settlement of the insane person. It is evident that the judges considered themselves as acting in the court of quarter sessions and, being the same judges and having the same powers either in the court of common pleas or quarter sessions, their order to certify the case, as it originally began in the common pleas, into the quarter sessions was but a formality and produced no substantial change in the proceeding itself. It was done at the instance of the proper party and was, therefore, but an amendment made in pursuance of their sound discretion to produce uniformity in the proceeding before them."

As to the jurisdiction of the court of quarter sessions, which is incidentally denied by the appellant, it is true that under the 6th section of the act of April 20, 1869, supra, the court has no power to determine the place of settlement, but the 9th section of the same act gives specific power to the court to determine this question, and whether the rule be issued at the time the petition is presented or subsequently makes no difference. As was said in Brickway's case, supra, "The court of quarter

sessions having then adequate power, under the act of 1869, to make a disposition of the case to secure the welfare of the insane person and his proper treatment in a hospital, and to order the expense to be borne by those legally bound for his maintenance, no substantial error was committed." The first assignment of error is, therefore, overruled.

The eighth, ninth and tenth assignments relate to the findings of the examiner of facts relating to the settlement of the said Darr. Brickway's case, supra, decides that an appeal does not lie from the decree of the court of quarter sessions in proceedings under the act of 1869, and that an appellate court, therefore, cannot examine errors dependent upon the evidence. These assignments might, therefore, be entirely disregarded, but we have carefully examined the evidence to which they relate and are satisfied that the examiner reached a proper conclusion upon competent testimony, which was confirmed by the court. Upon every ground, therefore, these assignments of error should be overruled.

The fifth, sixth and seventh assignments relate to the order of removal granted upon the petition of the overseers of Union township that Darr and his family were " likely to become chargeable to the said district of Union township." It is admitted that no notice of this proceeding was given to any one interested, and it is claimed that the case of Gilpin Twp. v. Parks Twp., 118 Pa. 84, which decides that " An order of removal of an alleged poor person who has never been a burden to the township by relief obtained, upon the information of the overseers that he ·is likely to become chargeable, but without an adjudication by the justices of the necessary facts, with notice to the person affected, is void," does not apply, for the reason that Darr was insane. There is a double answer to this objection: 1st. Darr was not declared insane at the time the order of removal was applied for. 2d. It affected his family as well as himself and, even if the objection was well taken as to notice to Darr, it certainly would not be as to his family. If the order was void, by reason of the failure to comply with the law in this respect, it was void in toto, and might well be disregarded, as it was by the examiner and the court below. The fifth, sixth and seventh assignments of error are, therefore, overruled.

It follows, from what has been said, that the second, third

and fourth assignments should also be overruled for, if the
order of removal above referred to was void and the facts
found by the examiner and confirmed by the court properly
fixed the settlement of Darr in Union township, the conclu-
sion reached by the court in the final decree is correct and
must be sustained. The second, third and fourth assignments
are, therefore, also overruled, and the decree of the court of
quarter sessions is affirmed.