## Butler County *v.* Department of Public Charities.

*Jurisdiction, C.' P. and Q. S.—Insane poor.*

Proceedings under the Act of April 20, 1869, P. L. 78, can be instituted either in the common pleas or quarter sessions, and where a petition is filed in the common pleas that court may certify all proceedings to the quarter sessions.

The court of quarter sessions has adequate power under the act of 1869 to make a disposition of a case to secure the welfare of an insane pauper and to order the expense to be borne by those legally bound for his maintenance.

*Insane pauper—Support under act of 1869—Parties—Department of public charities—Notice.*

The department of public charities of a city of the second class is not a corporation or quasi-corporation, as are the overseers of the poor of the several poor districts of the commonwealth, it is simply a bureau of the city government, hence notice to such department of proceedings under the Act of April 20, 1869, P. L. 78, of an application for an order of maintenance is not notice to the municipality upon whom may be imposed the duty of such maintenance.

Argued May 14, 1900. Appeal, No. 79, April T., 1900, by department of public charities of Allegheny county in suit of Butler county against department of public charities from order and decree of Q. S., Butler Co., Dec. T., 1898, No. 10, certifying the city of Allegheny in Allegheny county as the last legal

residence of Nathaniel Sefton at the time of his commitment to the hospital for the insane at Warren, Pa. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by BEAVER, J.

Rule granted on department of public charities of Allegheny county to show cause why the city of Allegheny, Pennsylvania, should not be certified as the place of last legal settlement of Nathaniel Sefton, a lunatic, etc. Before GREER, P. J.

The court below held that it had jurisdiction to adjudicate any question of the settlement or residence of Nathaniel Sefton against the poor district of Allegheny city and entered a decree certifying that the city of Allegheny in Allegheny county, Pa., is the last legal place of settlement of Nathaniel Sefton and was so at the time of his commitment to the hospital for the insane at Warren, Pa., and that the city of Allegheny pay the costs of the rule. Defendant appealed.

*Errors assigned* among others were (13) in holding and deciding that the court of quarter sessions of Butler county had jurisdiction in this case to adjudicate any question of the settlement or residence of Nathaniel Sefton against the corporate poor district of Allegheny city, without notice to or service upon the proper corporate officers of the said city. (14) In entering a decree certifying that the city of Allegheny is the last legal place of residence of Nathaniel Sefton, and was so at the time of his commitment to the hospital, and that the costs of this rule be paid by the city of Allegheny, Pa.

*H. H. Goucher*, for appellant.—But assuming that either Butler county or its commissioners had shown such interest in this matter as would give them a legal standing, and that the county had any such remedy against the poor district of Allegheny city, these proceedings are fatally defective in the beginning for want of service of the rule on any of the corporate officers of Allegheny city, representing said poor district. Allegheny city having attained to the standard in population required by the classification acts of May 23, 1874, P. L. 230, and May 8, 1889, P. L. 133, became a second class city in 1890, and since that date its form of government has been transformed

from a city of the third class to a city of the second class in accordance with the provisions of the municipal corporation act of June 14, 1887: Com. v. Wyman, 137 Pa. 508; Com. v. Macferron, 152 Pa. 244.

Service must be made upon the president or other principal officer as provided by the Act of June 13, 1836, P. L. 568, section 41, and the person thus referred to is the chief executive officer of the corporation, though called president, chairman or any other title: 1 Weimer's Penna. Corporation Law, 527; Dale v. Mfg. Co., 167 Pa. 402.

And it was again held in the more recent case of Bailey v. Williamsport, etc., R. R., 174 Pa. 114, that, "the Act of March 22, 1817, 6 Sm. L. 438, which provides that suit may be brought 'against corporations by their corporate names before any court or magistrate of competent jurisdiction by summons,' etc., does not change the common-law rule by which process cannot be served out of the jurisdiction where the artificial body exists."

To the same effect see the case of Hawn v. The Penna. Canal Co., 154 Pa. 455, and 1 Weimer's Corporation Law, 524.

*P. W. Lowry*, for appellee.—The question of jurisdiction raised by the first, third, sixth, seventh, eighth and ninth assignments of error cannot be seriously contended for or considered in this court, as the question has been fully considered and adjudged, and the power of the court of quarter sessions to proceed under the 9th section of the act of April 20, 1869, to determine the place of legal settlement of an insane pauper by bringing before the court by rule to show cause, or by citation, the parties to be affected, is now settled beyond question: Brickway's Case, 80 Pa. 65; Com. v. Darr, 11 Pa. Superior Ct. 74.

Service of this rule was made upon Barton Grubbs, Esq., the legally elected director of charities of Allegheny city, and we respectfully direct the attention of this honorable court to the answer filed to the rule, where the said Barton Grubbs, Esq., director of the department of public charities of Allegheny city, Pa., "in behalf of said department and said city, avers and says," etc. Certainly the city of Allegheny was properly in court as a party, as shown by this answer, and neither the city nor the department of charities has any just cause of com-

plaint by reason of the decree of the court of quarter sessions in this matter, and we, therefore, respectfully submit that this proceeding and decree must be sustained.

OPINION BY BEAVER, J., July 26, 1900:

Butler County v. Public Charities, 158 Pa. 149, was an appeal from a decree of the court of common pleas of Butler county, in which the court below refused to grant an order upon the respondent to show cause why the city of Allegheny should not be certified as the place of residence of Sefton, an inmate of the hospital for the insane at Warren, whose settlement is the subject of controversy in the present case. That case was distinctly decided upon the ground that the court of common pleas had no authority to grant the rule. The court below, in its opinion, said : " Had the proceeding been commenced in the quarter sessions there would have been no trouble, but such was not the case. There was not even a suggestion to have the proceedings certified to that court." The proceedings in the court of common pleas were subsequently certified to the quarter sessions and a rule granted by that court upon " the department of charities of Allegheny city, Pennsylvania, to show cause why the city of Allegheny, Pennsylvania, should not be certified as the place of the last legal settlement of the said Nathaniel Sefton, lunatic, and chargeable with his maintenance." It is perhaps well to note that this is not a proceeding to collect from the city of Allegheny the expense of the maintenance of the lunatic prior to the granting of the rule. Whether or not the city of Allegheny would be liable under any circumstances for such maintenance we are are not called upon to decide. The proceeding is under the Act of April 20, 1869, P. L. 78, section 9 of which provides : " If it shall be made to appear to any law judge that a certain insane person is manifestly suffering from the want of proper care or treatment, he shall order such person to be placed in some hospital for the insane at the expense of those who are legally bound to maintain such insane person but no such order shall be made, without due notice of the application therefor shall have been served upon the person to be affected thereby and hearing had thereon." The provisions of this act were construed in Brickways's Case, 80 Pa. 65, and followed by us in Com. v. Darr, 11 Pa. Superior Ct. 74.

Eliminating the numerous specifications of error which are manifestly irrelevant, the record raises two questions: First, the general jurisdiction of the court, and second, the special jurisdiction under the rule granted in this case and its service upon the head of the department of charities of Allegheny city.

As to the general jurisdiction we have no doubt. Brickway's case determines that question, as we view it, and is binding upon us. The appellant's contention is not so much with this case as with the act of 1869, which it interprets. The provisions of that act were intended to be, and have been, only beneficent in their operations. They greatly simplified the manner in which the most unfortunate class of our people could be admitted into our institutions for their care and treatment and at the same time gave the courts, at the instance of those interested in such care and treatment, complete control of them after their admission. There was a real and pressing necessity for the passage of the act and its beneficent operations have fully vindicated its enactment.

The second question involved is not so easily answered. The department of public charities of Allegheny city is not a corporation or quasi corporation as are the overseers of the poor of the several poor districts of the commonwealth. Its creation is provided for by the Act of June 14, 1887, P. L. 395, relating to the government of cities of the second class, to which the city of Allegheny belongs. The 17th section of that act provides: " To the department of charities shall be confided the care, management, administration and supervision of the charities, almshouses and hospitals and all other similar institutions, the expenses of which are paid out of the city treasury," and under section 21: " The mayor shall have general supervision of all departments, with power to direct their officers within their duties under the laws and ordinances." The department of charities is not, therefore, an imperium in imperio. It is simply a bureau whose chief is under the direction of the mayor of the city. Did the rule, therefore, granted upon the department of public charities of Allegheny city, Pennsylvania, summon the municipality as " the person to be affected thereby," as provided in the 9th section of the act of 1869, supra? Clearly not. As already intimated, the department of public charities is simply a bureau of the city government. It levies no taxes, it

collects no taxes, it has no legislative or municipal authority of any kind, its chief is under the direction of the mayor who represents the municipal corporation.    The city of Allegheny is intended to be affected and is affected by the decree which was entered in this case, if it is allowed to stand, but the city has had no notice of the proceeding and should not, therefore, be bound by the terms of the decree.    The thirteenth and fourteenth specifications of error must, therefore, be sustained.

The decree is reversed.