# Franklin Township Poor District *v.* Danville and Mahoning Poor District, Appellant.

*Poor law—Order of removal—Notice—Acts of June* 13, 1836, sec. 19, *P. L.* 539, *and May* 12, 1897, *P. L.* 67.

Where a poor district has not received five days' notice as required by the Act of May 12, 1897, P. L. 63, of an application to two justices of the peace for an order of removal of a poor person, and the poor district in its petition for leave to appeal to the quarter sessions, complains of the lack of proper notice, and subsequently after the appeal is allowed objects to the taking of testimony because of the lack of notice, a decree confirming the order of removal will be reversed by the Superior Court.

Under the Act of June 13, 1836, sec. 19, P. L. 539, a poor district is entitled to appeal to the court of quarter sessions from an order of two justices of the peace removing a poor person, and on such an appeal all proper defenses may be raised.

Argued March 9, 1904.    Appeal, No. 3, Feb. T., 1904, by defendant, from order of Q. S. Lycoming Co., Dec. T., 1899, No. 1, confirming order of removal in case of Franklin County Poor District v. Danville and Mahoning Poor District.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Appeal from order of removal of poor person.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court confirming order of removal.

*H. M. Hinckley*, with him *William Kase West*, for appellant. —When the order of removal was made, without the five days' previous notice, it was made by those who, under the act of assembly, had no jurisdiction.    Nothing done afterwards could confer jurisdiction: Cherry Twp. Overseers v. Marion Twp. Overseers, 96 Pa. 528; Gibson v. Plumcreek Poor District, 122 Pa. 557; Nason v. Poor Directors, 126 Pa. 445.

It is never too late to attack a judgment for want of jurisdiction:    Musselman's App., 101 Pa. 165; Fowler v. Eddy, 110 Pa. 117 ; McVeytown v. Union Twp., 5 W. & S. 434.

*L. F. Strieby*, with him *H. W. Whitehead*, for appellee.—
The requirement of five days' notice in the act of 1897 may be
waived by the affected district: Tioga Overseers v. Lawrence
Overseers, 2 Watts, 43; Point Twp. Overseers v. Northumberland Borough Overseers, 22 Pa. C. C. Rep. 242; Lycoming Fire Insurance Co. v. Stoors, 97 Pa. 354; Bowell v. Gould,
130 Pa. 434; Jones v. Del. & Hudson Canal Co., 10 Phila.
570; Collins v. Collins, 37 Pa. 387.

OPINION BY MORRISON, J., April 18, 1904:

This case came into the court below on appeal from the order of two justices of the peace in the county of Lycoming,
for the removal of Sarah Boice from the poor district of
Franklin township, Lycoming county, to the poor district of
Danville and Mahoning, in the county of Montour.

On September 4, 1899, on petition of the directors of the
poor of Danville and Mahoning, the court allowed an appeal
and directed an order to the said justices, making the order of
removal, to return to the court a certified transcript of the
proceedings had before them in said case. September 18,
1899, the said justices complied with the order of the court
and also returned a copy of the notice given by said aldermen
to the directors of the poor of Danville and Mahoning. It
appeared and was conceded in the court below that only four
days' notice was given to the poor directors of Danville and
Mahoning prior to the issuing of the order of removal.

In the petition for leave to appeal to the court of quarter
sessions we find the following: " That the said order of removal and all proceedings thereunder should be set aside, because the proper notice was not given according to law of the
time and place of the hearing." The petitioners gave proper
notice of the appeal to the overseers of Franklin township
poor district.

After this appeal had lain in the court of quarter sessions
for some time the court, on motion of counsel for the poor district of Franklin township, appointed John M. Riley, Esq.,
commissioner to take testimony in the above case. Testimony
was taken and filed, and on November 25, 1902, before hearing on the merits, motion to quash the order of removal was
filed and argued.

It appears in the record that before any testimony was taken counsel for the appellant objected to the taking of testimony of the witnesses because the procedure is unlawful and unwarranted at law.   It is, therefore, established that the plaintiff district had notice in the petition for the appeal, and again at the taking of the first testimony, that the position would be taken that the removal was illegal because of the want of notice required by law.

The first question naturally arising upon this record is, was the Danville and Mahoning poor district entitled to appeal to the court of quarter sessions and move therein to quash the proceedings on legal grounds ?   The 19th section of the act of assembly of June 13, 1836, P. L. 539, provides : " That any person aggrieved by any such order of removal, may appeal to the next court of quarter sessions for the county from which such poor person may be removed, and not elsewhere, and if there be any defect of form in such order, the said court shall cause the same to be amended, without cost to the party, and after such amendment, if the same be necessary, shall proceed to hear and determine the cause upon its truth and merits ; but no such cause shall be proceeded in unless reasonable notice shall have been given by the party appellant, to the overseers of the district from which the removal shall have been made, the reasonableness of which notice shall be determined by the said court, at the session to which the appeal may be made, and if it shall appear to them that reasonable notice was not given, they shall adjourn the appeal to their next session, and then determine the same."

It is thus seen that a statutory remedy is provided for the aggrieved party, and the question is, can all proper defenses be raised on such appeal in the court of quarter sessions ?

In Directors of the Poor of Northampton County v. Overseers of the Poor of Limestone Twp., 68 Pa. 386, the Supreme Court considered this question in an opinion by AGNEW, J., on February 9, 1871.   In this opinion some of the peculiarities relating to the poor law and to appeals from orders of removal are pointed out.   Judge AGNEW says : " Ordinarily an appeal is taken directly from and in the tribunal of judgment, and is a declaration made to it of an intention to be heard by a higher tribunal. . . . But in the present instance an examination of

the proceeding and the nature and effect of the order of re-
moval reveals features making a direct appeal from the magis-
trates often perplexing and inconvenient.    The first feature is
the want of any provision for a record by the magistrates.
Complaint must be made (whether orally or in writing is not
said), by the overseers of the district where the pauper has
(or is likely to) become chargeable, to a magistrate of the
county.    The magistrate takes to his assistance another mag-
istrate of the county, but no provision is made for a notice, or
for a hearing, or for the evidence, or a record to be kept by
either or both of them.    The hearing and the issuing of the
warrant or order of removal would seem to be ex parte. . . ."

A proceeding, therefore, by notice to the overseers removing
the pauper, and a petition to the court to be heard on appeal,
seems to accord well with the ex parte character of the order
of removal, and the want of a regular hearing and judgment
of the magistrates between litigant parties.    The 19th and
20th sections of the act of 1836 also lend countenance to this
view.    The 19th does not say the appeal shall be taken from
the judgment of the magistrates, but it says " to the next court
of quarter sessions."    The doctrine of this decision would
seem to indicate that the remedy for a party aggrieved is by
appeal to the court of quarter sessions, and inferentially that
a certiorari would not be an adequate or proper remedy.    The
magistrate not being required to keep a record it follows that
a certiorari would be a useless proceeding in a case where they
did not keep a full record.    We, therefore, conclude that the
party aggrieved by an order of removal may appeal to the
court of quarter sessions and there move to quash the order on
any legal grounds.

In M'Veytown v. Union Twp., 5 W. & S. 434, the motion to
quash was not made until after the cause was argued upon its
merits in the court below, and the court granted the motion
and quashed the proceedings.    This order was affirmed by the
Supreme Court.    This case furnishes clear authority for the
position that the aggrieved party was not bound to proceed by
certiorari, even for an illegality which must have been appar-
ent upon the record, provided any correct record was made.
See also cases cited in the opinion of the Supreme Court.

In Overseers of Tioga v. Overseers of Lawrence, 2 Watts,

43, it was held : " As to the formal objections to the proceedings of the justices, it is sufficient to say, that those proceedings were superseded by the determination of the merits on the appeal to the sessions." The inference to be drawn from this decision is that the formal objections might have been raised prior to the determination of the merits.

The method of procedure under the act of 1836, not requiring any notice prior to the action of the justices, seems to have continued in force until the passage of the Act of May 12, 1897, P. L. 63, viz : " That no order of removal of any poor person from one district to another shall be made without at least five days' previous notice to the proper officers of the district to be affected, and an opportunity given them to be heard." This act made a radical change as to the practice before justices in removal cases. The requirement of at least five days' notice seems to be a jurisdictional question.

While we have not found any decision of the Supreme or Superior Court upon the exact question raised in the case under consideration, yet we find that several lower courts have held an order of removal made without the five days' notice provided by this act is void. In Commonwealth v. Darr, Appeal of Overseers of the Poor of Union Twp., 11 Pa. Superior Ct. 74, we held an order of removal of an alleged pauper family obtained without notice to the person affected is void. Of course it follows that a void order of removal could be attacked and set aside at any stage of the proceedings. In Lathrop Poor District v. Nicholson Poor District, Wyoming County, 10 Pa. District Reports, 324, we find an opinion by SEARLE, P. J., delivered April 8, 1901, which covers the exact question raised in the case under consideration. While the decisions of the lower courts are not authoritative, yet this opinion seems to be so in accord with the law that we refer to it as a reasonable and legal construction of the removal law as affected by the act of 1897, supra. In that case the motion to quash was not made until after depositions had been taken upon the question of settlement. Notice had been given by the appellant before the taking of depositions that objections to the lack of notice would be urged, and the motion to quash was made before any depositions were submitted for the consideration of the court. (Notice that this is pre-

cisely our case.) Under the circumstances the motion to quash was in time, said the judge, referring to a ruling of Judge SAVAGE, which may be found in Point Twp. Overseers v. Northumberland Borough Overseers, 22 Pa. County Court Reports, 242. Judge SEARLE also said : " It would also seem clear that, under the act of 1897, the justices had no jurisdiction of the defendant district until after the notice required by the act had been given." And he quashed the proceedings. It is also said in that case that Judge DUNHAM held in the quarter sessions of Sullivan county that an order of removal, unappealed from, which did not show the five days' notice required by the act of 1897 was given, was absolutely void.

It was conceded in the court below that the five days' notice required by the act of 1897 as a prerequisite to the making of an order of removal was not given. But the learned court below was of the opinion that by appealing and waiting until testimony had been taken and filed before moving to quash, the appellant was too late in raising that question. The contention being that the justices had jurisdiction of the subject-matter, and although they did not have jurisdiction of the poor district appealing, yet the court of quarter sessions obtained jurisdiction because the appellant appeared and participated in taking depositions. It should not be overlooked here that the motion to quash was made before a hearing upon the merits, and the indorsement made thereon by the court shows this. The contention is that the case is analogous to a suit brought before a justice of the peace on a contract or cause of action, of which he clearly has jurisdiction, although the service is defective or bad, yet if the defendant appears or appeals he will be held to have waived this and conferred jurisdiction of his person upon the court. We are not satisfied that this rule controls the question raised in the case under consideration. The authority of overseers of the poor to bind their district is limited, and it has been often held that such officers and school directors must proceed strictly according to law, or the municipality will not be bound. One of these cases is School District of the City of Erie v. Fuess, 98 Pa. 600. Another is Nason v. Poor Directors, 126 Pa. 445. Another is Butler et al., Appellants, v. School District of the Borough of Leighton, 149 Pa. 351.

Under these and many other decisions it is doubtful whether the overseers of the poor of Danville and Mahoning poor district could have appeared before the justices and waived the five days' notice, and thereby conferred jurisdiction on the justices to make a binding order against their poor district. It should be noted here that they did not appear before the justices, nor was the poor district represented by anybody when the order was made.

But the view we take of this case does not require us to go to that extent, nor does it require us to hold the order of removal absolutely void, although it would seem that it was void. It is sufficient to hold it voidable. This for the reason that the aggrieved poor district appealed to the court of quarter sessions in accordance with the act of 1836; it gave notice to the removing district, and it set out in its petition the fact that the order was illegal because of want of notice as required by the act of assembly. It raised this objection when the first witness was called under the commission issued to Mr. Riley, and the motion to quash was made before a hearing upon the merits.

In our opinion the justices were without authority to make the order of removal because of the want of notice required by the mandatory language of the act of 1897. We sustain the specifications of error following: 1. " And now, February 23, 1903, motion of appellant to quash order of removal is overruled." 2. " The court erred in not quashing the order of removal, for the reason that the justices issuing the order of removal had no jurisdiction." 3. " The court erred in not quashing the order of removal for the reason that the notice required by the act of May 12, 1897, had not been given to the officers of the district of Danville and Mahoning." 6. The court erred in making the following decree: " And now, February 23, 1903, the order of removal is confirmed and appeal dismissed at the cost of appellant; and it is ordered that the poor district of Danville and Mahoning pay to the poor district of Franklin township, appellee, such reasonable costs and charges as it is by law entitled to receive."

The decree of the court below is reversed, and the order of removal and proceedings are quashed at the costs of the poor district of Franklin township, appellee.